[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Armengau*, Slip Opinion No. 2020-Ohio-1421.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1421

COLUMBUS BAR ASSOCIATION *v.* ARMENGAU.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Armengau*, Slip Opinion No. 2020-Ohio-1421.]

*Attorneys—Misconduct—Attorney's appeal from trial court's resentencing judgment is a direct appeal—Cause remanded for Board of Professional Conduct to stay proceedings until all direct appeals of attorney's convictions have concluded.*

(No. 2019-0500—Submitted January 7, 2020—Decided April 14, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-087.

_____

**Per Curiam.**

{¶ 1} Respondent, Javier Horacio Armengau, of Columbus, Ohio, Attorney Registration No. 0069776, was admitted to the practice of law in Ohio in 1998. On July 8, 2014, we granted the motion of relator, Columbus Bar

Association, to suspend Armengau from the practice of law on an interim basis on the ground that he posed a substantial threat of serious harm to the public. *Columbus Bar Assn. v. Armengau*, 146 Ohio St.3d 1233, 2014-Ohio-3023, 54 N.E.3d 1252; Gov.Bar R. V(19). We imposed a second interim suspension on September 15, 2014, based on Armengau's felony convictions on single counts of rape and kidnapping, two counts of gross sexual imposition, and four counts of sexual battery.[1] *See In re Armengau*, 140 Ohio St.3d 1247, 2014-Ohio-3940, 18 N.E.3d 1220; Gov.Bar R. V(18). Those suspensions remain in effect.

{¶ 2} On August 29, 2014, Armengau filed a notice of appeal in the Tenth District Court of Appeals, challenging his convictions and sentence.

{¶ 3} On December 15, 2014, relator filed a 14-count complaint alleging that Armengau committed multiple ethical violations in the context of his criminal offenses, representation of multiple clients, and management of various aspects of his legal practice. But the Board of Professional Conduct issued an order staying the proceedings "during the pendency of the direct appellate proceedings" regarding Armengau's criminal convictions.

{¶ 4} On June 22, 2017, the Tenth District affirmed the trial court's judgment in part, reversed it in part, and remanded the case to the trial court to resentence Armengau on four counts. *State v. Armengau*, 2017-Ohio-4452, 93 N.E.3d 284 (10th Dist.). We declined to accept a discretionary appeal from that judgment on January 31, 2018. 151 Ohio St.3d 1511, 2018-Ohio-365, 90 N.E.3d 950.

{¶ 5} In March 2018, the trial court conducted a resentencing hearing and issued an amended judgment entry, correcting errors in the merger of some allied offenses of similar import and the sentences imposed for those offenses and determining Armengau's sex-offender classification under the law in effect at the

---

1. Armengau was also convicted of a misdemeanor count of public indecency.

time of Armengau's offenses. Armengau appealed that judgment. *State v. Armengau*, 10th Dist. Franklin No. 18AP-300.

{¶ 6} On January 9, 2019, while Armengau's appeal of the resentencing judgment remained pending, a panel of the board conducted a hearing on the first count of relator's complaint, which relates solely to the conduct underlying Armengau's criminal convictions.[2]

{¶ 7} This case is before the court on Armengau's objections to the board's April 8, 2019 report and recommendation that he be disbarred for committing illegal acts that adversely reflect on his honesty and trustworthiness as well as his fitness to practice law.

{¶ 8} Armengau contends that (1) his disciplinary hearing should have been stayed or continued until he exhausted all the direct appeals of his criminal convictions (specifically, the appeal of the trial court's resentencing judgment), (2) the board improperly prevented him from presenting evidence regarding his misconduct and the merits of his pending appeals at that hearing, and (3) disbarment is not an appropriate sanction at this juncture.

{¶ 9} In response, relator contends that Armengau's disciplinary proceedings were stayed while the direct appeals of his convictions were pending. But it argues that the stay was properly lifted after the court of appeals affirmed his convictions and remanded the case for resentencing. Relator further asserts that the board was not required to stay the disciplinary proceedings pending Armengau's appeal of the trial court's resentencing judgment because that appeal is a collateral—rather than a direct—appeal of his convictions.

{¶ 10} For the reasons that follow, we hold that Armengau's appeal of the trial court's resentencing judgment is a direct appeal and that Gov.Bar R. V(18)(C) therefore requires the board to stay any disciplinary proceeding based

---

2. At the time Armengau's disciplinary case was submitted to this court, the appeal of his resentencing judgment remained pending.

on those convictions. Accordingly, we sustain Armengau's first objection, conclude that our decision today renders his remaining objections unripe, and remand this cause to the board with instructions to stay the proceedings until all direct appeals of Armengau's convictions have concluded.

{¶ 11} Gov.Bar R. V(18)(C) provides: "Any disciplinary proceeding instituted against a judicial officer or an attorney based on a conviction of an offense * * * shall not be brought to hearing until *all direct appeals* from the conviction * * * are concluded." (Emphasis added.) Thus, a stay is *mandatory* whenever (1) the disciplinary proceeding is based on the respondent's conviction and (2) any direct appeal of that conviction remains pending.

{¶ 12} The rule does not define the phrase "direct appeals." In *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 17-18, we addressed the distinction between a direct attack and a collateral attack on a judgment. We quoted *Black's Law Dictionary* 492 (8th Ed.2004), which defines "direct attack" as

> [a]n attack on a judgment made in the same proceeding as the one in which the judgment was entered; specif., the taking of proceedings in the action in which a judgment has been rendered to have the judgment vacated or reversed or modified by appropriate proceedings in either the trial court or an appellate court. • Examples of direct attacks are motions for new trial and appeals. Cf. COLLATERAL ATTACK.

(Capitalization sic.)

{¶ 13} In contrast, *Black's* states that a "collateral attack" is

4

> [a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective. • A petition for a writ of habeas corpus is one type of collateral attack.—Also termed *indirect attack*. Cf. DIRECT ATTACK.

(Italics and capitalization sic.) *Id.* at 278.

{¶ 14} In this case, it is true that Armengau's *first* direct appeal concluded when this court declined to accept his appeal of the Tenth District Court of Appeals' judgment affirming the judgment of conviction in part, reversing it in part, and remanding the case to the trial court for resentencing as to four counts. However, the judgment of conviction on those four counts was no longer final because Armengau's sentence had been reversed with respect to those counts. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17-18 (holding that a judgment of conviction is a final, appealable order under R.C. 2505.02 when it sets forth, in a single document, the finding of guilt, the sentence, the signature of the judge, and entry on the journal by the clerk of court). Once the trial court issued its amended judgment entry on March 28, 2018, there was a second final, appealable judgment of conviction that Armengau had a right to appeal. *See, e.g., State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 8 (holding that a resentencing entry that complies with Crim.R. 32(C) and *Baker* is a final, appealable order and that appeal from that entry therefore is an adequate remedy in the ordinary course of the law). And that appeal—seeking to have the judgment vacated, reversed, or modified in proceedings in the action in which it was rendered—is a direct appeal.

{¶ 15} Based on the foregoing, we sustain Armengau's first objection to the board's report and recommendation, conclude that his remaining objections

are not ripe for review, and remand this cause to the board with instructions to stay the proceedings until all direct appeals of Armengau's convictions have concluded. We reserve our ruling on the allocation of costs pending the final disposition of this disciplinary proceeding.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

David S. Bloomfield; Terry K. Sherman; Michael S. Loughry; and Kent R. Markus, Bar Counsel, for relator.

Behal Law Group, L.L.C., and John M. Gonzales, for respondent.

_____