[Cite as *State v. Dudas*, 2023-Ohio-535.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellee,        :

                              No. 111875

    v.                         :

MICHAEL DUDAS,                     :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 23, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650250-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Michael Dudas, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Michael Dudas appeals the denial of his petition for postconviction relief. He contends that the trial court erred in denying his petition without making findings of fact and conclusions of law and that the trial court should have granted his petition based on his claims of ineffective assistance

of counsel and prosecutorial misconduct. For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 2} On January 19, 2021, Dudas pled guilty to one count of aggravated murder (an unclassified felony), one count of aggravated robbery (a first-degree felony) and two counts of misuse of a credit card (a fifth-degree felony). On January 20, 2021, the trial court sentenced Dudas to an aggregate sentence of 28 to 29.5 years to life: 25 years to life on the aggravated murder count, an indefinite sentence of three to four- and one-half years on the aggravated robbery count (to be served consecutively to the sentence on the aggravated murder count) and one year on each of the misuse of a credit card counts (to be served concurrently to each other and concurrently with the sentences on the other counts).

{¶ 3} On June 7, 2021, Dudas filed, pro se, a notice of appeal along with a motion for delayed appeal. On June 15, 2021, this court granted Dudas' motion for delayed appeal and appointed counsel to represent him in the appeal. The trial transcript was filed on July 26, 2021 in Dudas' delayed appeal.

{¶ 4} On appeal, Dudas argued that the indefinite sentence imposed under the Reagan Tokes Law on the aggravated robbery count was unconstitutional and violated his right to due process, the separation-of-powers doctrine and his right to a jury trial. On March 24, 2022, this court affirmed Dudas' convictions and sentences. *State v. Dudas*, 8th Dist. Cuyahoga No. 110573, 2022-Ohio-931.

{¶ 5} On July 14, 2022, Dudas filed a "petition to vacate or set aside judgment of conviction or sentence" pursuant to R.C. 2953.21 in which he argued that (1) he was denied the effective assistance of trial counsel and (2) he was denied due process due to "prosecutorial misconduct" before he entered his guilty pleas. On July 20, 2022, the trial court summarily denied Dudas' petition for postconviction relief.

{¶ 6} Dudas appealed, raising the following four assignments of error for review:

> Assignment of Error One:
> The court abuse of [sic] discretion and erred in issuing inadequate and erroneous findings of fact and conclusion [sic] of law in regard to petitioner Mr. Dudas['] petition for postconviction relief.

> Assignment of Error Two:
> The court of [sic] appointed counsel * * * committed ineffective assistance of counsel before the appellant, Mr. Dudas, entered a plea of guilty when counsel's [sic] failed to request a competency evaluation to the court to contest Mr. Dudas['] mental state which effective [sic] the defendant knowingly, intelligently and voluntarily [sic] plea of guilty in violation of the Sixth Amendment to the United States Constitution and Section 10 Article I of the Ohio Constitution.

> Assignment of Error Three:
> The court of [sic] appointed counsel * * * committed ineffective assistance of counsel before the appellant, Mr. Dudas, entered a plea of guilty under Crim.R. 11(A) to aggravated murder, R.C. 2901.01[,] and Mr. Dudas['] plea was not made knowingly, intelligently and voluntarily and the defendant['] conviction of sentence was supported by Crim.R. 31(C) and R.C. 2945.74[,] lesser included offense of voluntary manslaughter R.C. 2903.03(A), in violation of the Sixth Amendment to the United States Constitution and Section 10 Article I of the Ohio Constitution.

Assignment of Error Four:
The state of Ohio denied the appellant, Mr. Dudas, due process or alternatively committed prosecutorial misconduct before Mr. Dudas pleaded guilty to aggravated murder R.C. 2901.01 and the state withheld evidence from the defendant when the circumstance of Mr. Dudas['] case warrant [sic] the state to amend indictment Crim.R. 7(D) to voluntary manslaughter, R.C. 2903.03(A), in violation of due process and [the] Fifth, Sixth, Eighth [and] Fourteenth Amendment[s] to the United States Constitution and Section 10 Article I of the Ohio Constitution.

**Law and Analysis**

{¶ 7}   In his first assignment of error, Dudas argues that the trial court abused its discretion in denying his "timely filed" petition for postconviction relief without making findings of fact and conclusions of law, as required by R.C. 2953.21(H).

{¶ 8}   Pursuant to R.C. 2953.21(A)(1)(a)(i), "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 9}   With respect to the timing of a petition for postconviction relief, R.C. 2953.21(A)(2)(a) provides, in relevant part:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)(a)(i), (ii), or (iii) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of

the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

*See also* R.C. 2953.23(A) ("[A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)]" unless one of the exceptions set forth in R.C. 2953.23(A)(1) or (2) applies.).

{¶ 10} The requirement that a petition for postconviction relief be timely filed is jurisdictional. *See, e.g., State v. Morton*, 8th Dist. Cuyahoga No. 110946, 2022-Ohio-2358, ¶ 14 ("The timeliness requirement of R.C. 2953.21 is jurisdictional."); *State v. Robinson*, 8th Dist. Cuyahoga No. 109159, 2020-Ohio-4470, ¶ 13; *State v. Jackson*, 8th Dist. Cuyahoga No. 100048, 2014-Ohio-1514, ¶ 19. Therefore, a trial court lacks jurisdiction to entertain an untimely filed petition for postconviction relief that does not meet the exceptions set forth in R.C. 2953.23(A).[1] *Morton* at ¶ 14; *State v. Medina*, 8th Dist. Cuyahoga No. 110726, 2022-Ohio-1070, ¶ 11-14; *State v. Kleyman*, 8th Dist. Cuyahoga No. 93896, 2010-Ohio-3612, ¶ 35.

{¶ 11} R.C. 2953.21(H) states that "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." *See also* R.C. 2953.21(D) ("If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."). However, a trial court has "no legal duty"

---

[1] Dudas does not contend that R.C. 2953.23(A)(1) or (2) applies. Accordingly, we consider only whether Dudas' petition was timely under R.C. 2953.21(A)(2)(a).

to issue findings of fact and conclusions of law when dismissing or denying an untimely petition for postconviction relief. *See State v. Atahiya*, 8th Dist. Cuyahoga No. 109726, 2021-Ohio-1488, ¶ 25; *State ex rel. Harris v. Sutula*, 8th Dist. Cuyahoga No. 107662, 2018-Ohio-5045, ¶ 9, citing *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6, and *State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552, ¶ 5; *State ex rel. Hilliard v. Russo*, 8th Dist. Cuyahoga No. 103466, 2016-Ohio-594, ¶ 7.

{¶ 12} Dudas asserts that because the transcript of the trial court proceedings was filed on July 26, 2021 in his delayed appeal, he had 365 days from that date to file his petition for postconviction relief and that his petition for postconviction relief filed on July 14, 2022, was, therefore, timely. We disagree.

{¶ 13} This court has held that where a defendant is granted leave to file a delayed appeal, a petition for postconviction relief must be filed within "365 days from the expiration of the time for filing a timely appeal." *State v. Watson*, 8th Dist. Cuyahoga No. 110161, 2021-Ohio-2773, ¶ 11. As this court explained in *Watson*:

> This court has consistently held that the filing of a delayed appeal does not toll the time requirement to file a petition for postconviction relief. *See, e.g., Hilliard*, 8th Dist. Cuyahoga No. 103466, 2016-Ohio-594, at ¶ 8; *State v. Cobb*, 8th Dist. Cuyahoga No. 80265, 2002-Ohio-2138, ¶ 26; *State v. Fields*, 136 Ohio App.3d 393, 398, 736 N.E.2d 933 (8th Dist.1999). "Were we to accept the proposition that a delayed appeal could stall the time limits contained in the statute, this would have the net effect of providing no time limit at all for filing petitions." *Fields* at 398. "The language in the final sentence contained in R.C. 2953.21(A)(2) has been interpreted to include those delayed appeals permitted pursuant to App.R. 5(A)." *Cobb* at ¶ 24 * * *.

In light of this precedent, we are constrained to conclude that, because Watson did not timely file a direct appeal, his deadline to file a petition for postconviction relief was 365 days from the expiration of the time for filing a timely appeal. *See* R.C. 2953.21(A)(2)(a). As noted, Watson's direct appeal under App.R. 4 would have been due on July 17, 2019. Watson, therefore, had until July 16, 2020, to file his petition for postconviction relief. He did not file his petition until November 12, 2020. Watson missed the deadline.

*Watson* at ¶ 10-11.

{¶ 14} Pursuant to App.R. 4, an appellant generally has 30 days from the final judgment to file an appeal. Here, final judgment was entered on January 19, 2021, making February 18, 2021 Dudas' deadline to file a timely, direct appeal. Dudas, therefore, had until February 18, 2022 to file his petition for postconviction relief. But he did not file his petition until July 14, 2022. As such, Dudas' petition for postconviction relief was untimely.

{¶ 15} Because Dudas' petition was untimely, the trial court was not required to make findings of fact and conclusions of law before denying his petition for postconviction relief. Accordingly, we overrule Dudas' first assignment of error. Dudas' second, third and fourth assignments of error, which address the merits of Dudas' petition for postconviction relief, are likewise overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR