[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Dudas,* Slip Opinion No. 2024-Ohio-775.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-775

THE STATE OF OHIO, APPELLEE, *v.* DUDAS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State v. Dudas,* Slip Opinion No. 2024-Ohio-775.]**

*R.C. 2953.21(A)(2)(a)—Under Ohio law, a delayed appeal of a conviction is a direct appeal—A defendant who files a delayed appeal may file a petition for postconviction relief within 365 days of filing of trial transcript in court of appeals—Court of appeals' judgment reversed and cause remanded.*

(No. 2023-0393—Submitted December 13, 2023—Decided March 7, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 111875, 2023-Ohio-535.

_____

**DEWINE, J.**

**{¶ 1}** This case concerns the deadline for filing a petition for postconviction relief.  A statute, R.C. 2953.21(A)(2)(a), provides two possible deadlines.  When a "direct appeal" of a criminal conviction has been taken, the petition must be filed no later than 365 days after the trial transcript is filed in the court of appeals.  *Id.*  But when "no appeal is taken," the petition must be filed no later than 365 days

after the expiration of time for filing an appeal. *Id.*

{¶ 2} In this case, the defendant filed a delayed appeal. A delayed appeal is one that is filed after the ordinary 30-day deadline with the permission of the appellate court pursuant to App.R. 5. The question we must answer is, which of the two deadlines for filing a postconviction-relief petition applies when a defendant has filed a delayed appeal of a conviction?

{¶ 3} We hold that under the plain terms of R.C. 2953.21(A)(2)(a), a defendant who files a delayed appeal may file a petition for postconviction relief within 365 days of the filing of the trial transcript in the court of appeals. Under Ohio law, a delayed appeal of a conviction is a direct appeal—"delayed" means simply that it is filed outside of the ordinary 30-day deadline. Thus, the same postconviction-relief deadline applies for a delayed appeal as applies to any other type of direct appeal. The Eighth District Court of Appeals saw it differently, so we reverse its judgment.

## Background

{¶ 4} On January 20, 2021, Michael Dudas was sentenced to prison for murder and other crimes. Dudas did not file an appeal within the required 30 days, but he later filed a motion for delayed appeal. The Eighth District granted his motion for delayed appeal on June 15, 2021, and the trial transcript was filed in the court of appeals on July 26, 2021. After considering the appeal, the Eighth District affirmed Dudas's convictions and sentence. *State v. Dudas*, 8th Dist. Cuyahoga No. 110573, 2022-Ohio-931.

{¶ 5} On July 14, 2022, Dudas filed a petition for postconviction relief. The trial court summarily denied his postconviction petition. *See* R.C. 2953.21(D). Dudas appealed to the Eighth District, arguing, among other things, that the trial court erred in denying his petition without making findings of facts and conclusions of law as required by R.C. 2953.21(H).

{¶ 6} The Eighth District affirmed the trial court's judgment. It held that

the trial court was not required to make findings of fact and conclusions of law, because Dudas's appeal was untimely. 2023-Ohio-535, ¶ 15. The court of appeals relied on R.C. 2953.21(A)(2)(a), which provides that a petition for postconviction relief

> shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶ 7} The court held that a defendant who is granted leave to file a delayed appeal must file a petition for postconviction relief within 365 days from the expiration of the time for filing a timely appeal. 2023-Ohio-535 at ¶ 13. In other words, the court found that in the case of a delayed appeal, the applicable deadline was not the direct-appeal deadline of 365 days from the date of the filing of the trial transcript but rather the no-appeal-taken deadline of 365 days from the expiration of the time for filing a direct appeal.

{¶ 8} Dudas appealed to this court, arguing that a petition for postconviction relief following a delayed appeal is timely when "filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the Court of Appeals." We accepted jurisdiction, 170 Ohio St.3d 1449, 2023-Ohio-1979, 211 N.E.3d 127, and now reverse the court of appeals.

### Dudas Prevails Under a Plain Reading of the Statute

{¶ 9} Dudas argues that a delayed appeal is a type of a direct appeal and that we should apply the direct-appeal deadline that runs from the filing of the trial transcript in the court of appeals. The state argues that a delayed appeal is not a

direct appeal and therefore we should apply the deadline that applies when no appeal is filed. Thus, we begin by considering whether a delayed appeal is a direct appeal.

{¶ 10} App.R. 5 provides that after the expiration of the 30-day deadline for filing a notice of appeal, "an appeal may be taken by a defendant" with leave of court in criminal proceedings. App.R. 5(A)(1). The rule states that if leave is granted, "the further procedure shall be the same as for appeals as of right in criminal cases." App.R. 5(F).

{¶ 11} We have explained that "[o]nce granted, a delayed appeal proceeds as any timely appeal would proceed, and the assertion of error is virtually the same as it would have been but for the delayed filing." *State v. Silsby*, 119 Ohio St.3d 370, 2008-Ohio-3834, 894 N.E.2d 667, ¶ 14. Thus, "[s]ubstantively and procedurally, there is no discernable difference between a direct appeal and a delayed appeal. [The two] differ only in the timeliness of the filing." *Id*.

{¶ 12} Ohio law uses the word "direct" as a modifier of "appeal" to distinguish challenges to a judgment of conviction that are reviewed directly through the appellate process from collateral attacks on such a judgment. *Columbus Bar Assn. v. Armengau*, 160 Ohio St.3d 445, 2020-Ohio-1421, 158 N.E.3d 570, ¶ 12-13 (distinguishing "direct appeal" from "collateral attack"); *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 17-18 (same). In line with this distinction, the only use of the phrase "direct appeal" in our appellate rules is in App.R. 6, which distinguishes a court of appeals' review of a judgment on "direct appeal" from a trial court's collateral review of a judgment through a petition for postconviction relief.

{¶ 13} Indeed, in prior decisions, this court has acknowledged—without directly addressing the issue—that a delayed appeal is a form of direct appeal. *See State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 3 (after the dismissal of his habeas corpus petition, the defendant "filed a

delayed direct appeal from his conviction and sentence"); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981) ("No direct appeal was taken, either as a matter of right or as a delayed appeal"); *State v. Carter*, 60 Ohio St.2d 34, 35, 396 N.E.2d 757 (1979) ("defendant filed a notice of appeal, pursuant to App.R. 5(A) and moved the court for leave to perfect a direct and delayed appeal").

{¶ 14} The staff notes to the 1994 amendment to App.R. 5 confirm that the rule's drafters understood a delayed appeal to be a form of direct appeal. The 1994 amendment removed a requirement that an applicant seeking leave to file a delayed appeal establish the probability that an alleged error had occurred. The drafters explained that eliminating that requirement promoted judicial economy by avoiding subsequent state and federal collateral challenges in that "[r]eview of the merits by the courts of appeals upon the *initial direct (albeit delayed) appeal* would * * * avoid the presentation of the probability of error issue to as many as nine subsequent tribunals." (Emphasis added.) 1994 Staff Note, App.R. 5.

{¶ 15} Thus, a delayed appeal is a direct appeal. Under a plain reading of R.C. 2953.21(A)(2)(a), the 365-day deadline from the filing of the trial transcript applies to a defendant who has been granted permission to file a direct appeal.

{¶ 16} The Eighth District's decision cannot be squared with the statutory text. Not only does the Eighth District's construction assume that a delayed appeal is not a direct appeal, but it also requires a strained reading of the remainder of R.C. 2953.21(A)(2)(a). Under the Eighth District's interpretation, the applicable deadline is derived from the final sentence of the provision: "If no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." *Id.* But, inarguably, in Dudas's case, an appeal was taken. Before filing his petition for postconviction relief, Dudas, with the court's permission, had filed his appeal. Thus, there is no textual basis for the Eighth District's holding that Dudas's deadline for filing his postconviction petition was the one that applies " '[i]f no appeal is taken,' " 2023-Ohio-535 at ¶ 9,

15, quoting R.C. 2953.21(A)(2)(a).

## We Construe Statutes Based on Their Text, Not Policy Concerns

{¶ 17} In eschewing the plain text, the Eighth District relied on its line of precedent that construed R.C. 2953.21(A)(2)(a) based on public-policy judgments. *See* 2023-Ohio-535 at ¶ 13, quoting *State v. Watson*, 8th Dist. Cuyahoga No. 110161, 2021-Ohio-2773, ¶ 10, quoting *State v. Fields*, 136 Ohio App.3d 393, 398, 736 N.E.2d 933 (8th Dist.1999). In *Fields*, the court explained: "Were we to accept the proposition that a delayed appeal could stall the time limits contained in [R.C. 2953.21(A)], this would have the net effect of providing no time limit at all for filing [postconviction] petitions." *Fields* at 398. The court further opined that such a "scenario would be unacceptable not only because it would frustrate the General Assembly's intent to limit the time in which postconviction petitions could be filed, but [also] because a transcript of proceedings is not always crucial for postconviction petitions." *Id.*

{¶ 18} Respectfully, we must caution that such reasoning strays from the judicial role. When the General Assembly has spoken clearly on a point, it is not the judiciary's place to replace the literal reading of a statute with one that it finds more convenient. *See Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 44 ("Our role is to interpret existing statutes, not rewrite them"). And *Fields*'s rumination that a textual reading of the statute would frustrate the General Assembly's "intent to limit the time in which postconviction petitions could be filed," *id.* at 397, provides no basis for disregarding the statute's plain language. The best expression of the General Assembly's intent as to the appropriate time limitations—and the only thing that has the force of law—is what the General Assembly has enacted. When a court disregards statutory text under the guise of discerning legislative intent, the court replaces the General Assembly's intent with its own.

{¶ 19} In this regard, we note that the United States Supreme Court in

construing a statute that sets a deadline for applying for federal habeas relief, reached a similar result to the one we reach today. There, a state court "grant[ed] a criminal defendant the right to file an out-of-time direct appeal." *Jimenez v. Quarterman*, 555 U.S. 113, 121, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). The government argued that allowing the delayed appeal to reset the time for filing a federal habeas petition would "undermine[] the policy of finality that Congress established" for habeas petitions by pinpointing "a uniform * * * date of finality that does not vary from State to State." *Id.* at 120. The United States Supreme Court disagreed, explaining that "it is the plain language of [the statute] that pinpoints the uniform date of finality set by Congress." *Id.* at 121. The same goes here. The General Assembly's policy is reflected in the deadlines established by the plain language of R.C. 2953.21(A)(2)(a).

{¶ 20} Nor do we share the Eighth District's worry that applying the plain reading of the statute would mean that there is " 'no time limit at all for filing [postconviction] petitions,' " 2023-Ohio-535 at ¶ 13, quoting *Fields*, 136 Ohio App.3d at 398, 736 N.E.2d 933. As an initial matter, a delayed appeal cannot be pursued without leave of court. And in exercising its discretion whether to allow a delayed appeal, a court will appropriately consider the length of time the defendant took to initiate the appeal. *See State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772, ¶ 11. And even in those limited instances where a court has granted leave to file a delayed appeal, the time to file a postconviction petition is circumscribed—the petition must be filed within one year of the filing of the trial transcript. R.C. 2953.21(A)(2)(a).

**Conclusion**

{¶ 21} Dudas timely filed his postconviction petition within 365 days after the transcript was filed in the court of appeals in his delayed appeal. The Eighth District erred by affirming the trial court's judgment on the basis that Dudas's petition was untimely. We reverse the judgment of the Eighth District Court of

Appeals, and we remand the matter to that court for it to consider Dudas's assignments of error.

Judgment reversed<br>and cause remanded.

KENNEDY, C.J., and FISCHER, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

———————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Frank Romeo Zeleznikar, Assistant Prosecuting Attorneys, for appellee.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, for appellant.

Elizabeth R. Miller, Ohio Public Defender, and Patrick T. Clark, Managing Counsel, and Russell Patterson, Assistant Public Defender, urging reversal for amicus curiae, Ohio Public Defender.

———————————