[Cite as *State v. Dudas*, 2024-Ohio-1358.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111875 |
| MICHAEL DUDAS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 11, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650250-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Michael Dudas, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} This case was to returned to this court after the Ohio Supreme Court reversed our decision in *State v. Dudas*, 8th Dist. Cuyahoga No. 111875, 2023-Ohio-535, determined that the petition for postconviction relief filed by defendant-appellant Michael Dudas was timely under R.C. 2953.21(A)(2)(a) and remanded the

case to this court with instructions to consider Dudas' assignments of error. *State v. Dudas*, Slip Opinion No. 2024-Ohio-775, ¶ 21.

{¶ 2} Dudas, pro se, appeals the denial of his petition for postconviction relief. He contends that the trial court erred in denying his petition without making findings of fact and conclusions of law and that the trial court should have granted his petition based on his claims of ineffective assistance of counsel and prosecutorial misconduct. For the reasons that follow, we reverse the trial court and remand for the trial court to issue findings of fact and conclusions of law pursuant to R.C. 2953.21.

**Procedural History and Factual Background**

{¶ 3} On January 19, 2021, Dudas pled guilty to one count of aggravated murder (an unclassified felony), one count of aggravated robbery (a first-degree felony) and two counts of misuse of a credit card (a fifth-degree felony). On January 20, 2021, the trial court sentenced Dudas to an aggregate sentence of 28 to 29.5 years to life: 25 years to life on the aggravated murder count, an indefinite sentence of three to four-and-one-half years on the aggravated robbery count (to be served consecutively to the sentence on the aggravated murder count) and one year on each of the misuse of a credit card counts (to be served concurrently to each other and concurrently with the sentences on the other counts). On appeal, this court affirmed Dudas' convictions and sentences. *State v. Dudas*, 8th Dist. Cuyahoga No. 110573, 2022-Ohio-931.

**{¶ 4}** On July 14, 2022, Dudas filed, pro se, a "petition to vacate or set aside judgment of conviction or sentence" pursuant to R.C. 2953.21 in which he argued that he was denied (1) the effective assistance of trial counsel and (2) due process based on "prosecutorial misconduct" before he entered his guilty pleas. On July 20, 2022, the trial court summarily denied Dudas' petition for postconviction relief without a hearing.

**{¶ 5}** Dudas appealed, raising the following four assignments of error for review:

> Assignment of Error One:
> The court abuse of [sic] discretion and erred in issuing inadequate and erroneous findings of fact and conclusion [sic] of law in regard to petitioner Mr. Dudas['] petition for postconviction relief.

> Assignment of Error Two:
> The court of [sic] appointed counsel * * * committed ineffective assistance of counsel before the appellant, Mr. Dudas, entered a plea of guilty when counsel's [sic] failed to request a competency evaluation to the court to contest Mr. Dudas['] mental state which effective [sic] the defendant knowingly, intelligently and voluntarily [sic] plea of guilty in violation of the Sixth Amendment to the United States Constitution and Section 10 Article I of the Ohio Constitution.

> Assignment of Error Three:
> The court of [sic] appointed counsel * * * committed ineffective assistance of counsel before the appellant, Mr. Dudas, entered a plea of guilty under Crim.R. 11(A) to aggravated murder, R.C. 2901.01[,] and Mr. Dudas['] plea was not made knowingly, intelligently and voluntarily and the defendant['s] conviction of sentence was supported by Crim.R. 31(C) and R.C. 2945.74 lesser included offense of voluntary manslaughter R.C. 2903.03(A), in violation of the Sixth Amendment to [the] United States Constitution and Section 10 Article I of the Ohio Constitution.

Assignment of Error Four:
The state of Ohio denied the appellant, Mr. Dudas, due process or alternatively committed prosecutorial misconduct before Mr. Dudas pleaded guilty to aggravated murder R.C. 2901.01 and the state withheld evidence from the defendant when the circumstance of Mr. Dudas['] case warrant [sic] the state to amend indictment Crim.R. 7(D) to voluntary manslaughter, R.C. 2903.03(A), in violation of due process and [the] Fifth, Sixth, Eighth [and] Fourteenth Amendment[s] to the United States Constitution and Section 10 Article I of the Ohio Constitution.

**Law and Analysis**

{¶ 6} In his first assignment of error, Dudas argues that the trial court abused its discretion in denying his timely filed petition for postconviction relief without making findings of fact and conclusions of law, as required by R.C. 2953.21(H).

{¶ 7} Pursuant to R.C. 2953.21(A)(1)(a)(i), "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" "may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 8} R.C. 2953.21(H) states that "[i]f the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." Similarly, R.C. 2953.21(D) states that "[i]f the court dismisses the petition, it shall make and file findings of fact and

conclusions of law with respect to such dismissal." *See also State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336, ¶ 20 ("It is true, of course, that R.C. 2953.21 requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction-relief petition. * * * And if a court fails to do so, its decision is subject to reversal on appeal.").

{¶ 9} "The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the court's disposition and to facilitate meaningful appellate review." *State v. Maxwell*, 8th Dist. Cuyahoga No. 107758, 2020-Ohio-3027, ¶ 12. The findings of fact and conclusions of law should be "explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision." *State v. Porter*, 7th Dist. Belmont No. 20 BE 0033, 2021-Ohio-4630, ¶ 19; *see also State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph three of the syllabus ("A trial court properly denies a petition for postconviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence.").

{¶ 10} The Ohio Supreme Court held that Dudas' petition for postconviction relief was timely. *Dudas*, Slip Opinion No. 2024-Ohio-775, at ¶ 21. Because his petition for postconviction relief was timely and it was the first petition for postconviction relief Dudas filed, the trial court was required to issue findings of fact

and conclusions of law, explaining the basis of its ruling. In this case, the trial court did not make any findings of fact and conclusions of law; it denied Dudas' petition for postconviction relief summarily without stating its reasons for denying the petition. We, therefore, sustain Dudas' first assignment of error.

{¶ 11} The trial court's decision is reversed and the matter is remanded with instructions for the trial court to issue findings of fact and conclusions of law as required by R.C. 2953.21. Based on our resolution of Dudas' first assignment of error, his second, third and fourth assignments of error are moot, and we will not address them. *See, e.g., State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263, ¶ 14.

{¶ 12} Judgment reversed and remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR