[Cite as *State v. Robinson*, 2026-Ohio-850.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 25CA29 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| WILLIAM J. ROBINSON, | : | |
| Defendant-Appellant. | : | **RELEASED 3/09/2026** |

_____

<u>APPEARANCES</u>:

William J. Robinson, London, Ohio, pro se.

Brigham M. Anderson, Lawrence County Prosecutor, and Steven K. Nord, Assistant County Prosecutor, Ironton, Ohio, for appellee.

_____

Hess, J.

{¶1} William J. Robinson appeals the trial court's denial of his motion to vacate or set aside conviction pursuant to R.C. 2953.21 (petition for postconviction relief). He contends that the trial court erred when it denied his petition without issuing findings of fact and conclusions of law and without holding an evidentiary hearing. The State contends that Robinson failed to present any claim or substantive grounds to support a petition for postconviction relief and the trial court's denial should be affirmed.

{¶2} We find that the petition was timely. Therefore, the trial court was required to make findings of fact and conclusions of law with respect to the dismissal under R.C. 2953.21(D). We sustain Robinson's first assignment of error. His second assignment of error is moot. We remand the cause for the trial court to make findings of fact and conclusions of law with respect to its dismissal.

## I. FACTS AND PROCEDURAL HISTORY

{¶3} In July 2023, the Lawrence County grand jury indicted Robinson with 1 count of aggravated drug trafficking in violation of R.C. 2925.03(A)(A)(C)(1)(d), a second-degree felony, and 750 counts of pandering sexually oriented material involving a minor or impaired person in violation of R.C. 2907.322(A)(2), second-degree felonies. In December 2023, Robinson and the State entered into a negotiated plea agreement and jointly recommended sentence in which Robinson would plead guilty to the aggravated drug trafficking count and 1 of the 750 pandering sexually orient material counts and the State would dismiss the remaining 749 pandering sexually oriented material counts. The jointly recommended sentence was an 8-to-12-year prison term on the drug count and 8 to 12 years on the pandering count to run consecutively for a total prison term of 16 to 20 years. The jointly recommended sentence also required Robinson to register as a Tier II sexual offender.

{¶4} Robinson did not file a timely appeal, but in March 2024, he filed a motion to file a delayed appeal, along with a notice of appeal, which we granted. *State v. Robinson*, Lawrence App. No. 24CA04, Entry Granting Delayed Appeal (Apr. 10, 2024). On May 6, 2024, the Lawrence County Clerk of Court filed a notice of transmission of record, with supplemental notice issued June 21, 2024 stating that it includes a transcript of the proceedings. On appeal, Robinson raised one assignment of error arguing that the trial court erred when it failed to properly advise him of post-release control at the sentencing hearing. He asked that we vacate the portion of his sentence that imposed post-release control. However, before we reached the merits of his appeal, Robinson filed a motion to voluntarily dismiss his appeal. *State v. Robinson*, Lawrence App. No. 24CA04,

Motion to Voluntarily Dismiss Appeal (Aug. 23, 2024). Attached to his motion was an August 8, 2024 letter from Robinson to his appellate counsel stating, "I would like to withdraw my appeal. [Redactions] Thank you for your time. Sincerely, William Robinson."

{¶5}    On June 12, 2025, Robinson filed a petition for postconviction relief under R.C. 2953.21. He also asked to have an attorney appointed for him and for fees to pay for an expert witness. In his motion for postconviction relief, Robinson contended that his conviction was void or voidable due to constitutional defects. He identified eight claims in which he contended his trial counsel provided ineffective assistance of counsel in his criminal case. He contended that: (1) his trial attorney did not investigate whether the search of Robinson's phone was made pursuant to a warrant, (2) his trial attorney did not challenge a law enforcement interview as violating Robinson's Miranda rights, (3) his trial attorney did not do a proper investigation of the medication Robinson was taking, (4) his trial attorney did not request a bond reduction hearing, (5) his trial attorney failed to investigate Robinson's mental health issues to determine if he was competent to stand trial, (6) his trial attorney did not share discovery with him, (7) his trial attorney intimidated him into a guilty plea by telling him the prosecutor would effectively be seeking a life sentence if it went to trial, and (8) his trial attorney did not visit him at the jail.

{¶6}    Robinson submitted an affidavit with his petition in which he succinctly restated the eight claims. He also submitted the following exhibits: Exhibit 1 – a document listing possible side effects of Aristada and Aristada Initio; Exhibits 2 & 3 – medical records from 2019, 2020, 2021, and 2023; Exhibit 4 – typed notes from Robinson's father in which he states Robinson's trial attorney did not return his call and that he could not get jail visitation logs without a court order.

**{¶7}** The trial court denied his request for a court-appointed attorney, denied his request for court-paid expert, and denied his petition for postconviction relief as "untimely and without sufficient basis." *State v. Robinson*, Case No. 23 CR166, Entry (July 15, 2025). Robinson appealed.

## II. ASSIGNMENTS OF ERROR

**{¶8}** Robinson presents the following assignments of error:

1. The Trial Court abused its discretion when it denied Petitioner-Appellant Robinson's timely filed petition for postconviction relief pursuant to O.R.C. 2953.21 without issuing findings of fact and conclusions of law.

2. The Trial Court erred in denying Petitioner-Appellant Robinson's postconviction relief petition where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

## III. LEGAL ANALYSIS

### A. Petition for Postconviction Relief

**{¶9}** R.C. 2953.21 allows persons to file a petition in the trial court to vacate or set aside the judgment or sentence. Robinson contends he was entitled to file a petition under R.C. 2953.21(A)(1)(a)(i) as a "person who has been convicted of a criminal offense . . . who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."

**{¶10}** The time for filing Robinson's petition is governed by R.C. 2953.21(A)(2)(a), which states in relevant part that it, "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The transcript of the proceedings in Robinson's delayed appeal was filed on June 21, 2024. His petition for postconviction

relief was filed on June 12, 2025 – within the 365-day period following June 21, 2024. *State v. Dudas*, 2024-Ohio-775, ¶ 15 (a delayed appeal is a direct appeal for purposes of calculating the 365-day deadline from the filing of the transcript under R.C. 2953.21(A)(2)(a)).

**{¶11}** Thus, Robinson's petition for postconviction relief was timely. When a petition is timely, the trial court must determine whether there are substantive grounds for relief. Only if the trial court finds that there are substantive grounds for relief may a trial court grant a hearing on the petition. R.C. 2953.21(D). In determining whether there are substantive grounds for relief:

> the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner . . . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

R.C. 2953.2(D)

**{¶12}** Here the trial court's entry states the petition was "untimely and without sufficient basis." However, because it was timely, the trial court was required to make sufficient findings of fact and conclusions of law to support the dismissal. "[F]indings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition." *State v. Calhoun,* 86 Ohio St.3d 279, 291 (1999). "[T]he failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." *Id.* "A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Id.* Because the trial court erred in finding the petition

untimely, it failed to make findings of fact and conclusions of law to support the dismissal. We sustain Robinson's first assignment of error.

**{¶13}** Our finding on Robinson's first assignment of error makes his second assignment of error moot. App.R. 12(A)(1)(c). This is because a petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing. *State v. Betts,* 2018-Ohio-2720, ¶ 13. But we cannot determine the merits of the trial court's dismissal without findings of fact and conclusions of law to facilitate our review.

**{¶14}** The trial court's failure to make the requisite findings of fact and conclusions of law prevents us from conducting a meaningful judicial review. Therefore, we reverse the trial court's denial of the petition and remand this cause to the trial court to make findings of fact and conclusions of law as required by R.C. 2953.21(D). *State v. Ketterer,* 2017-Ohio-4117, ¶ 39-40 (12th Dist.) (reversing and remanding cause where there were inadequate findings of fact and conclusions of law); *State v. Clemmons*, 58 Ohio App.3d 45, 46 (2d Dist. 1989) ("findings of fact and conclusions of law should be clear, specific, and complete").

## IV. CONCLUSION

**{¶15}** We sustain the first assignment of error. The second assignment of error is moot. We reverse the trial court's decision and remand this cause for findings of fact and conclusions of law with respect to the dismissal.

JUDGMENT REVERSED, CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND CAUSE REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
　　　　Michael D. Hess, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**