[Cite as *State ex rel. Hilliard v. Russo*, 2016-Ohio-594.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103466

---

## STATE OF OHIO, EX REL.
## RUDOLPH HILLIARD

RELATOR

vs.

## HONORABLE JUDGE JOSEPH D. RUSSO

RESPONDENT

---

**JUDGMENT:**
WRIT DENIED

---

Writ of Mandamus
Motion No. 489327
Order No. 492547


**RELEASE DATE:** February 17, 2016

**FOR RELATOR**

Rudolph Hilliard, pro se
Inmate No. 601-920
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

LARRY A. JONES, SR., A.J.:

{¶1} On September 2, 2015, the relator, Rudolph Hilliard, commenced this mandamus action against the respondent, Judge Joseph D. Russo, to compel the judge to issue findings of fact and conclusions of law for a postconviction relief petition that Hilliard had filed in the underlying case, *State v. Hilliard*, Cuyahoga C.P. No. CR-10-535768-A. On September 18, 2015, the respondent moved for summary judgment because there is no duty to issue findings of fact and conclusions of law for an untimely postconviction relief petition. Hilliard filed his brief in opposition on October 2, 2015. For the following reasons, this court grants the respondent's dispositive motion and denies the application for a writ of mandamus.

{¶2} In the underlying case in April 2011, Hilliard pled guilty to aggravated murder and kidnapping, and on May 2, 2011, the judge sentenced him to 25 years to life for the murder and seven years concurrent for kidnapping. The underlying case was dormant for approximately three-and one-half years, until Hilliard moved for a delayed appeal on November 18, 2014. This court granted that motion on December 11, 2014, *State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, and the record was filed on January 27, 2015.[1]

{¶3} On July 7, 2015, Hilliard filed his postconviction relief petition, and the respondent judge summarily denied it on July 17, 2015, without findings of fact and conclusions of law. On July 28, 2015, Hilliard moved for findings of fact and conclusions of law, and the respondent judge summarily denied that motion on August 4, 2015. Hilliard then commenced this mandamus action.

{¶4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the

requested relief, and (3) there must be no adequate remedy at law, such as appeal. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶5} R.C. 2953.21 controls postconviction relief petitions. At the pertinent time, subsection (A)(2) provided that a postconviction relief petition "shall be filed no later that one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of conviction * * *. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."[2] Subsection (C) directs the court to consider a petition that is timely filed. It also provides that if the court dismisses the petition, it shall make findings of fact and conclusions of law with respect to such dismissal. Subsection (G) reiterates the duty for filing findings of fact and conclusions of law regardless of whether the court denies or grants the petition.

{¶6} Findings of fact and conclusions of law are mandatory, and a judgment entry filed without them "is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." *State v. Mapson,* 1 Ohio St.3d 217, 218, 438 N.E.2d 910 (1982). Mandamus will lie to compel a trial court to issue findings of fact and conclusions of law for a

---

[1] This court affirmed on August 6, 2015.

[2] This version of the statute was effective July 11, 2006. An amendment, effective March 23, 2015, expanded the time for filing to 365 days.

postconviction relief petition. *State ex rel. Brown v. Court of Common Pleas of Coshocton Cty.*, 23 Ohio St.3d 46, 491 N.E.2d 303 (1986).

{¶7} However, there is no duty to issue findings of fact and conclusions of law for an untimely petition. R.C. 2953.23(A) provides that "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] * * *." The Supreme Court of Ohio has affirmed this principle. *State ex rel. Kimbrough v. Greene,* 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, and *State ex rel. James v. Coyne,* 114 Ohio St.3d 45, 2007-Ohio-2716, 867 N.E.2d 837.

{¶8} In the present case, Hilliard filed his postconviction relief petition over four years after his conviction and sentence. However, it was filed within 180 days of the filing of the trial transcript in his delayed appeal. Therefore, Hilliard argues that applying the plain language of R.C. 2953.21(A)(2), his postconviction relief petition is timely and the respondent judge must issue findings of fact and conclusions of law. However, this court has held that a delayed appeal does not toll the time for filing a postconviction relief petition. If a convicted individual does not file a timely appeal pursuant to App.R. 4, then the time for filing a postconviction relief petition expires 180 days later. A petition filed after that time is untimely, even if an appellate court allows a delayed appeal and the petition is filed within the 180 days after the filing of the transcript. To hold otherwise would be to render the statutory time limitations meaningless. *State v. Fields,* 136 Ohio App.3d 393, 736 N.E.2d 933 (8th Dist.1999); and *State v. Cobb,* 8th Dist. Cuyahoga No. 80265, 2002-Ohio-2138. Therefore, Hilliard's postconviction relief petition was untimely, and the respondent judge had no duty to issue findings of fact and conclusions of law.

{¶9} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10} Writ denied.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR