[Cite as *State v. Watson*, 2021-Ohio-2773.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110161 |
| v. | : | |
| MAURICE WATSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 12, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-643943-D

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Friedman & Gilbert, Mary Catherine Corrigan; Allison F. Hibbard, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Maurice Watson ("Watson") appeals the trial court's journal entry denying his petition for postconviction relief. After reviewing the law and the pertinent fact of the case, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} Following a bench trial, Watson was convicted of two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1); two counts of aggravated robbery, in violation of R.C. 2911.01(A)(3); three counts of felonious assault, in violation of R.C. 2903.11(A)(2); one count of felonious assault, in violation of R.C. 2903.11(A)(1); one count of discharge of a firearm on or near a prohibited premises, in violation of R.C. 2923.162(A)(3); and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2).

{¶ 3} The trial court sentenced him to 22 years in prison on May 30, 2019, and subsequently resentenced him on June 17, 2019. Watson filed a delayed appeal with this court on September 24, 2019. His convictions and sentence were ultimately affirmed.

{¶ 4} Watson filed a petition for postconviction relief in the trial court on November 12, 2020. His petition alleged that his trial counsel failed to thoroughly cross-examine detectives and that the state failed to preserve exculpatory evidence. The trial court summarily denied Watson's petition for postconviction relief on November 16, 2020, without making any findings of fact or conclusions of law. It is from this denial that Watson appeals.

## II. Law and Analysis

{¶ 5} Watson raises one assignment of error for our review, arguing that the trial court erred when it dismissed his petition for postconviction relief because

it failed to issue the statutorily required findings of fact and conclusions of law. We disagree.

{¶ 6} "There is no duty to issue findings of fact and conclusions of law for an untimely petition." *State ex rel. Hilliard v. Russo*, 8th Dist. Cuyahoga No. 103466, 2016-Ohio-594, ¶ 7. Pursuant to R.C. 2953.21(A), "a court may not entertain a petition [for postconviction relief] filed after the expiration of the period prescribed in [R.C. 2953.21(A)] * * *." The timeliness requirements imposed by the statute are strictly enforced. *State v. Howard*, 2016-Ohio-504, 59 N.E.3d 685, ¶ 17 (10th Dist.).

{¶ 7} Petitions for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * *. If no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a).

{¶ 8} Under App.R. 4, appellants have 30 days from the final judgment to file an appeal. Watson was sentenced on June 17, 2019, making July 17, 2019, his deadline to file a direct appeal. Watson did not file a notice of appeal until September 24, 2019, which was accompanied by a motion for delayed appeal under App.R. 5.

{¶ 9} Watson argues that because the transcript of trial proceedings for his delayed appeal was filed on November 12, 2019, he had 365 days from that date to petition for postconviction relief. Further arguing that because 365 days from the

time he filed his transcript in the delayed appeal fell on November 11, 2020, which was a court-observed holiday, Watson maintains his petition for postconviction relief filed on November 12, 2020, was timely. In making this argument, Watson ignores established Eighth District precedent.

{¶ 10} This court has consistently held that the filing of a delayed appeal does not toll the time requirement to file a petition for postconviction relief. *See, e.g., Hilliard,* 8th Dist. Cuyahoga No. 103466, 2016-Ohio-594, at ¶ 8; *State v. Cobb,* 8th Dist. Cuyahoga No. 80265, 2002-Ohio-2138, ¶ 26; *State v. Fields,* 136 Ohio App.3d 393, 398, 736 N.E.2d 933 (8th Dist.1999). "Were we to accept the proposition that a delayed appeal could stall the time limits contained in the statute, this would have the net effect of providing no time limit at all for filing petitions." *Fields* at 398. "The language in the final sentence contained in R.C. 2953.21(A)(2) has been interpreted to include those delayed appeals permitted pursuant to App.R. 5(A)." *Cobb* at ¶ 24 (applying a prior version of the statute that allowed for filing a petition for postconviction relief "no later than 180 days after the expiration of the time for filing an appeal" if no appeal was taken).

{¶ 11} In light of this precedent, we are constrained to conclude that, because Watson did not timely file a direct appeal, his deadline to file a petition for postconviction relief was 365 days from the expiration of the time for filing a timely appeal. *See* R.C. 2953.21(A)(2)(a). As noted, Watson's direct appeal under App.R. 4 would have been due on July 17, 2019. Watson, therefore, had until July 16, 2020,

to file his petition for postconviction relief. He did not file his petition until November 12, 2020. Watson missed the deadline.

{¶ 12} Because Watson's petition was not timely, the trial court was not required to make findings of fact and conclusions of law before summarily denying his petition. Watson's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., and
EMANUELLA D. GROVES, J., CONCUR