[Cite as *State v. Green*, 2022-Ohio-3922.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111500 |
| v. | : | |
| ARTO D. GREEN, II, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** November 3, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657044-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Morgan Austin, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Arto D. Green II ("Green"), appeals his conviction and claims the following error:

The docket entry detailing Mr. Green's sentence is incorrect and must be corrected by a nunc pro tunc entry to reflect the actual sentence.

{¶ 2} Because the sentencing entry does not reflect the sentence announced in open court, we remand the case to the trial court to issue a nunc pro tunc judgment entry setting forth the actual sentence imposed on Green at the sentencing hearing.

## I. Facts and Procedural History

{¶ 3} Green was charged with two counts of felonious assault in violation of R.C. 2903.11(A)(2), one count of kidnapping in violation of R.C. 2905.01(B)(1), one count of child endangering in violation of R.C. 2923.13(A)(2), one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), and two counts of domestic violence in violation of R.C. 2919.25(A). He pleaded guilty to one count of child endangering, as indicted in Count 5, and one count of having weapons while under disability, as amended in Count 4. The remaining counts were nolled. At the time of the plea, Green understood that he was on postrelease control and that the court could impose the remainder of the postrelease control as prison time that would run consecutive to any underlying sentence in the present case.

{¶ 4} The court sentenced Green in open court at the sentencing hearing as follows:

> I'm going to sentence you to 36 months at Lorain Correctional Institute on the having weapon while under disability count to run concurrently with 180 days on the child endangering count.
>
> Additionally, I find you to be in violation of your post-release control in Case 566481. I'm going to order that you serve a sanction in prison for violating your post-release control in that case. That sanction will be

the greater of 1 year or the remaining time period of post-release control in Case 566481. By operation of law, that will run consecutive to the 36 months that you received in this case.

(Tr. 44-45.)

{¶ 5} The sentencing entry subsequently posted on the docket states that Green's 180-day jail sentence is "to be served prior to and consecutive with 36 months on Count 5" for a total prison sentence of 42 months. Green now appeals his sentence, arguing that the sentence outlined in the sentencing entry must be corrected to reflect the sentence proclaimed in open court and on the record at the sentencing hearing.

## II. Law and Analysis

{¶ 6} In his sole assignment of error, Green argues the trial court misstated the sentence it imposed on him in the sentencing entry and contends the error should be corrected by a nunc pro tunc entry. The state concedes this error.

{¶ 7} A nunc pro tunc judgment entry may be used for the limited purpose of correcting a clerical error in a judgment or order so that the record reflects what the court actually did or decided. *State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶ 26. *See also* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.").

{¶ 8} A clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795,

856 N.E.2d 263, ¶ 19. A nunc pro tunc entry cannot be used to resentence a defendant or to impose a sanction that the court did not impose as part of the sentence at the sentencing hearing, but it can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed on a defendant at a sentencing hearing. *Aarons* at ¶ 26, citing *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14. *See also State v. Ferrell*, 8th Dist. Cuyahoga No. 85821, 2005-Ohio-5992, ¶ 21.

{¶ 9} The sentencing entry in this case contains an obvious clerical error. The trial court stated on the record that Green's 180-day sentence on the child endangering count was to be served concurrently with the 36-month prison term on the having weapons while under disability count. Yet, the sentencing entry provides that Green must serve these sentences consecutively. This type of clerical mistake may be corrected by a nunc pro tunc judgment entry.

{¶ 10} Therefore, the sole assignment of error is sustained and the case is remanded to the trial court to issue a nunc pro tunc judgment entry reflecting the actual sentence imposed on Green at the sentencing hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY EILEEN KILBANE, J., CONCUR