[Cite as *State v. Green*, 2023-Ohio-4658.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                        :

    Plaintiff-Appellee,        :

                                 No. 112832

    v.                                  :

ARTO D. GREEN, II,                    :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 21, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-657044-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Arto D. Green, II, appeals the trial court's decision denying his petition for postconviction relief, because it was untimely. For the reasons that follow, we affirm the trial court's decision.

{¶ 2} In September 2021, during voir dire of a jury trial, Green pleaded guilty to endangering children and having weapons while under disability. Prior to sentencing, Green moved to withdraw his plea. He subsequently withdrew his motion and requested to proceed with sentencing. On October 15, 2021, the trial court conducted a sentencing hearing, imposing concurrent sentences for an aggregate 36-month term of imprisonment. Because Green was also found in violation of postrelease control, the trial court imposed a term of imprisonment as a sanction, which by operation of law, was required to be served consecutively to the 36-month sentence.

{¶ 3} Prior to the filing of the court's judgment entry of conviction, Green requested that the trial court appoint him appellate counsel. On October 22, 2021, the trial court filed its judgment entry of conviction, formally sentencing Green. The trial court's journal entry, however, mistakenly ordered consecutive sentences on the underlying offenses, for a total aggregate sentence of 42 months in prison. The court's judgment entry also stated that Green was "advised of appeal rights," and that any "motion not specifically ruled on prior to the filing of this judgment entry [is] denied as moot." Green did not file a direct appeal.

{¶ 4} Despite the trial court's October 22, 2021 ruling regarding outstanding motions, on January 18, 2022, Green requested that the trial court rule on his motion to appoint appellate counsel, contending that the court had failed to rule on his motion and appoint appellate counsel. The trial court denied Green's motion on February 7, 2022.

{¶ 5} On May 6, 2022, with the assistance of counsel, Green filed with this court a motion for a delayed appeal, contending that the imposition of consecutive sentences was contrary to law and his failure to file a timely direct appeal should not be imputed on him due to trial counsel's failure to file a direct appeal and the trial court's failure to appoint him appellate counsel. On May 25, 2022, this court granted Green a delayed appeal, and the trial transcript was filed on July 5, 2022.

{¶ 6} Green raised a single assignment of error in his delayed appeal, contending that the "docket entry detailing [his] sentence is incorrect and must be corrected nunc pro tunc to reflect the actual sentence." *State v. Green*, 8th Dist. Cuyahoga No. 111500, 2022-Ohio-3922, ¶ 1. Green did not raise any other substantive issues, including that the imposition of consecutive sentences was contrary to law. The state conceded the error, apparently recognizing that the trial court's imposition of consecutive sentences was not in conformity with the sentence that the trial court announced in open court during sentencing. Accordingly, the parties agreed that this discrepancy could be corrected with the trial court issuing a nunc pro tunc judgment entry of conviction. This court agreed, upholding Green's conviction but remanding the matter to the trial court to "issue a nunc pro tunc judgment entry reflecting the actual sentence imposed on Green at the sentencing hearing." *Id.* at ¶ 10. On December 9, 2022, the trial court complied with this court's mandate and issued a nunc pro tunc judgment entry of conviction.

{¶ 7} On May 19, 2023, Green filed two motions in the trial court bearing the same caption — "Petition for postconviction relief, or alternatively, motion to

withdraw plea" — but each relying on different legal grounds. One petition relied on R.C. 2953.21, seeking postconviction relief based on the trial court's denial of a continuance of trial and on a claim of ineffective assistance of trial counsel in securing a witness for trial; the other petition relied on Crim.R. 32.1, seeking to vacate Green's guilty plea based on an ineffective assistance of counsel claim.

{¶ 8} On June 1, 2023, the trial court denied Green's petition for postconviction relief, finding that it was "untimely" and thus, the trial "court lack[ed] jurisdiction" to consider his petition.[1]

{¶ 9} Green now appeals, raising the follow assignment of error:

> The trial court erred when it denied a petition as untimely where the language of R.C. [sic] allows a petitioner to file 365 days from the date the transcript is filed in their delayed appeal where the trial court's own actions prevented a timely appeal from being filed.

{¶ 10} Pursuant to R.C. 2953.21(A)(2)(a), petitions for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal * * *. If no appeal is taken, * * * the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." Absent a specific exception, a timely petition invokes a trial court's jurisdiction to consider the petition. *See generally State v. Morton*, 8th Dist. Cuyahoga No. 110946, 2022-Ohio-2358, ¶ 14.

---

[1] On August 11, 2023, the trial court denied Green's other petition seeking to withdraw his plea pursuant to Crim.R. 32.1. Green has appealed that decision, and that case remains pending with this court. *See State v. Green*, 8th Dist. Cuyahoga No. 113152.

{¶ 11} Green asserts that because the transcript of the trial court proceedings was filed on July 5, 2022, in his delayed appeal, he had 365 days from that date to file his petition for postconviction relief and that his petition filed on May 19, 2023, was, therefore, timely.

{¶ 12} This court has repeatedly held that a delayed appeal does not toll the time for filing a petition for postconviction relief. *State v. Dudas*, 8th Dist. Cuyahoga No. 111875, 2023-Ohio-535, *appeal accepted, State v. Dudas*, 2023-0393; *State v. Watson*, 8th Dist. Cuyahoga No. 110161, 2021-Ohio-2773; *State ex rel. Hilliard v. Russo*, 8th Dist. Cuyahoga No. 103466, 2016-Ohio-594; *State v. Cobb*, 8th Dist. Cuyahoga No. 80265, 2002-Ohio-2138; *State v. Fields*, 136 Ohio App.3d 393, 736 N.E.2d 933 (8th Dist.1999).

{¶ 13} Accordingly, because Green did not file a direct appeal, his deadline to file a petition for postconviction relief was 365 days from the expiration of the time for filing a timely appeal. Pursuant to App.R. 4, Green's direct appeal would have been due on November 22, 2021, and thus, under R.C. 2953.21, he was obligated to file his petition for postconviction relief on or before November 21, 2022. He did not file his petition until May 19, 2023, which was well beyond the 365-day deadline.

{¶ 14} This court recognizes that the Ohio Supreme Court recently accepted jurisdiction of *Dudas* for consideration of the following proposition of law:

> Under the plain language of R.C. 2953.21(a)(2)(a), a petition for post-conviction relief following a delayed direct appeal is timely when filed

no later than three hundred sixty-five days after the date on which the trial transcript is filed in the Court of Appeals.

{¶ 15} Until directed otherwise by the Ohio Supreme Court, this court will continue to follow its precedent holding that a delayed appeal does not toll the time for filing a petition for postconviction relief. Accordingly, the trial court correctly found Green's postconviction untimely, and thus did not err in its conclusion that it lacked jurisdiction to decide the petition.

{¶ 16} Green recognizes this court's precedent but asks this court to create an exception in this case because the trial court allegedly prevented him from accessing the record and thus, he was unfairly prevented from pursuing a timely appeal. This court's review of the record reveals that at the time of sentencing, the trial court advised Green of his appellate rights. Green could have filed a pro se notice of appeal and asked this court to appoint counsel if he believed that the trial court was infringing on his ability to timely file a direct appeal.

{¶ 17} Moreover, the issue that Green actually assigned as error in his delayed appeal was not one that involved a substantive error of law.[2] Rather, the error raised only involved a clerical mistake in the trial court's judgment entry of conviction that could have "been corrected by the [trial] court at any time." *See* Crim.R. 36. Accordingly, this court could have recognized this remedy and dismissed his delayed appeal as being improvidently allowed. *See generally Rocky*

---

[2] This court initially granted Green leave to file a delayed appeal because he contended in his motion that the imposition of consecutive sentences was contrary to law.

*River v. Garnek*, 8th Dist. Cuyahoga No. 99072, 2013-Ohio-1565 (Courts are permitted to dismiss delayed appeals as improvidently allowed if the justification for granting the delayed appeal no longer presents itself.). Accordingly, this court declines to create an exception in this case where the record reveals that nothing prevented Green from filing a direct appeal, and his delayed appeal did not involve any substantive appellate issue. Based on the record and this court's precedent, we affirm the trial court's decision and overrule Green's assignment of error.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR