[Cite as *State v. Green*, 2024-Ohio-1476.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                       No. 113152

    v.                               :

ARTO D. GREEN, II,                       :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  April 18, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657044-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Arto D. Green, II, appeals the trial court's decision denying his petition to withdraw his guilty plea. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} In February 2021, the state charged Green with two counts of felonious assault, both with firearm and notice of prior conviction specifications; one count each of kidnapping and endangering children; two counts of domestic violence; and one count of having weapons while under disability, with one- and three-year firearm specifications. He proceeded to trial with retained counsel.

{¶ 3} In September 2021, during voir dire at trial, Green pleaded guilty to endangering children and having weapons while under disability. Prior to sentencing, Green's family hired new counsel for Green, who moved to withdraw Green's plea. At Green's request, counsel subsequently withdrew the motion and requested to proceed with sentencing. On October 15, 2021, the trial court conducted a sentencing hearing, imposing concurrent sentences for an aggregate 36-month term of imprisonment. Because the trial court also found Green in violation of postrelease control, it imposed a term of imprisonment as a sanction, which by operation of law, was required to be served consecutively to the 36-month sentence.

{¶ 4} Prior to the filing of the court's judgment entry of conviction, Green requested that the trial court appoint him appellate counsel. On October 22, 2021, the trial court filed its judgment entry of conviction, formally sentencing Green. The trial court's journal entry, however, mistakenly ordered consecutive sentences on the underlying offenses, for a total aggregate sentence of 42 months in prison. The court's judgment entry also stated that Green was "advised of appeal rights" and that

any "motion not specifically ruled on prior to the filing of this judgment entry [is] denied as moot." Green did not file a direct appeal.

{¶ 5} In May 2022, this court granted Green a delayed appeal. In his single assignment of error, Green contended that the "docket entry detailing [his] sentence is incorrect and must be corrected nunc pro tunc to reflect the actual sentence." *State v. Green*, 8th Dist. Cuyahoga No. 111500, 2022-Ohio-3922, ¶ 1. Green did not raise any other substantive issues, including that he did not enter a knowing, intelligent, or voluntary plea, or that he received ineffective assistance of counsel because counsel promised him a certain sentence. The state conceded the error, and the parties agreed that the trial court could correct this discrepancy by issuing a nunc pro tunc judgment entry of conviction. This court agreed, upholding Green's conviction but remanding the matter to the trial court to "issue a nunc pro tunc judgment entry reflecting the actual sentence imposed on Green at the sentencing hearing." *Id*. at ¶ 10. On December 9, 2022, the trial court complied with this court's mandate and issued a nunc pro tunc judgment entry of conviction.

{¶ 6} On May 19, 2023, Green filed two motions in the trial court bearing the same caption — "Petition for postconviction relief, or alternatively, motion to withdraw plea" — but each relying on different legal grounds. One petition relied on R.C. 2953.21, seeking postconviction relief based on the trial court's denial of a continuance of trial and on a claim of ineffective assistance of trial counsel in securing a witness for trial; the other petition relied on Crim.R. 32.1, seeking to

vacate Green's guilty plea based on an ineffective assistance of counsel claim and actual innocence.

{¶ 7} On August 11, 2023, the trial court summarily denied Green's petition seeking to withdraw his plea pursuant to Crim.R. 32.1.[1]

{¶ 8} Green now appeals, contending in his sole assignment of error that the trial court erred by denying his motion to withdraw his guilty plea.

{¶ 9} Appellate courts review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992); *see also State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 7.

{¶ 10} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. McArthur*, 8th Dist. Cuyahoga No. 104862, 2017-Ohio-1373, ¶ 10, quoting *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 11. "Under the manifest injustice standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v.*

---

[1]On June 1, 2023, the trial court denied Green's other petition for postconviction relief, finding that it was "untimely" and, thus, the trial "court lack[ed] jurisdiction" to consider his petition. This court affirmed the trial court's decision in *State v. Green*, 8th Dist. Cuyahoga No. 112832, 2023-Ohio-4658.

*Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61 (8th Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 11} Res judicata, however, "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. * * * Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *see also State v. Nicholson*, 8th Dist. Cuyahoga No. 97567, 2012-Ohio-1550, ¶ 11 ("Nicholson could have raised the issue on direct appeal but did not do so. Accordingly, any argument regarding the validity of his plea is now barred by res judicata.").

{¶ 12} Green moved to withdraw his plea because he claimed innocence and he believed that he received ineffective assistance of counsel. He supported his Crim.R. 32.1 petition with his own affidavit and an affidavit from both his initial trial attorney and a potential witness of the offenses. Green contended that these affidavits demonstrated that he received ineffective assistance of counsel because counsel promised him a certain sentence if he pleaded guilty and that he is actually innocent of the charges because he did not discharge a firearm.

{¶ 13} We find that none of the affidavits demonstrate that a fundamental flaw occurred at the plea hearing. First, Green's trial attorney's affidavit contradicts Green's own self-serving affidavit. While Green averred that his attorney advised him that the trial court expressed its intention to impose only a nine-month

sentence, his attorney's affidavit averred that the court offered no guidance as to its intended sentence. Moreover, the witness's affidavit only supports Green's claim of innocence, which is not grounds to vacate a guilty plea that Green knowingly, intelligently, and voluntarily made. *See State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 23.

{¶ 14} Our review of the record reveals that the trial court properly notified Green of the maximum penalties that he faced, including if the court imposed a sentence for violating postrelease control. In fact, at the plea hearing, Green reiterated to the court that he could receive four years in prison for the offenses but could ultimately receive seven years due to violating postrelease control. Based on this record, Green without a doubt understood the potential penalties he faced by pleading guilty and even stated on the record that no promises had been made to induce him into entering his plea. Finally, Green unequivocally entered pleas of "guilty" to both charges; he made no protestations of actual innocence after choosing to enter a plea during voir dire.

{¶ 15} Moreover, res judicata bars Green's arguments challenging the validity of his plea. If Green believed he was actually innocent of the charges, he could have proceeded with his original presentence motion to withdraw his guilty plea. And when he did not receive the sentence purportedly promised to him by his attorney, he could have challenged his plea and raised his claims of ineffective assistance of counsel in a direct appeal or subsequently in his delayed appeal. Green did neither. Accordingly, this court can only assume that Green now has a change

of heart, which is not a legitimate basis at this stage of the proceedings for this court to find that the trial court abused its discretion in denying Green's petition to withdraw his plea. His assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
ANITA LASTER MAYS, J., CONCUR