[Cite as *State v. Whitney*, 2025-Ohio-4978.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

     Appellee/Cross-appellant

v.

Lataurean Whitney

     Appellant/Cross-appellee

Court of Appeals No. {48}L-25-00010
{48}L-25-00011

Trial Court No. CR0202302976
CR0202402261

**DECISION AND JUDGMENT**

Decided: October 31, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant Lataurean Whitney appeals the judgments of the Lucas County Court of Common Pleas, which convicted him of two counts of burglary, one count of felonious assault including a gun specification, and one count of having weapons under disability, and sentenced him to a total indefinite prison sentence of 10 to 12 1/2 years. The State cross-appeals, asserting that the trial court properly imposed a term of postrelease control at the sentencing hearing but erred when it listed every possible term of postrelease control in its sentencing entry. For the reasons

that follow, the trial court's judgments are affirmed, in part, and reversed, in part, and the matter is remanded to the trial court for issuance of nunc pro tunc judgment entries.

## I. Factual Background and Procedural History

{¶ 2} This appeal involves two separate, but related cases in which Whitney entered *Alford* guilty pleas.

{¶ 3} In case No. CR-2023-02976, the Lucas County Grand Jury indicted Whitney on two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) & (B), felonies of the first degree; one count of strangulation in violation of R.C. 2903.18(B)(3) and (C), a felony of the fourth degree; and two counts of domestic violence in violation of R.C. 2919.25(A), (D)(1), and (D)(2), misdemeanors of the first degree. At the plea hearing, the State explained that had the matter gone to trial it would have shown beyond a reasonable doubt that on December 10, 2023, Whitney went to the apartment of his ex-girlfriend, kicked in the door, physically assaulted her, smashed her phone, and left. Six days later, on December 16, 2023, Whitney returned to her apartment, climbed in through a window, choked and assaulted the victim, then fled.

{¶ 4} In case No. CR-2024-02261, the Lucas County Grand Jury indicted Whitney on one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, with a three-year gun specification pursuant to R.C. 2941.145(A); one count of discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3) and (C)(4), a felony of the first degree, with a three-year gun specification pursuant to R.C. 2941.145(A); and two counts of having weapons under disability in violation of R.C. 2923.13(A)(2) and (B), felonies of the third degree. The

2.

State asserted that had the matter gone to trial it would have shown that while Whitney was out on bond from case No. CR-2023-02976, he went to his ex-girlfriend's new home, where she was with her new boyfriend, K.G. As the ex-girlfriend was trying to get K.G. into his car to flee, Whitney shot him in the chest.

{¶ 5} Pursuant to a plea agreement with the State, Whitney entered an *Alford* plea of guilty in case No. CR-2023-02976 to two amended counts of burglary in violation of R.C. 2911.12(A)(3) and (D), felonies of the third degree. In case No. CR-2024-02261, he entered an *Alford* plea of guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree with the attached gun specification in violation of R.C. 2941.145(A), and to one count of having weapons while under disability in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree. In exchange for his plea, the State agreed to dismiss the remaining charges.

{¶ 6} The trial court accepted Whitney's pleas, found him guilty, and continued the matter for sentencing and the preparation of a presentence investigation report.

{¶ 7} At the sentencing hearing, the trial court imposed prison terms of 24 months on each of the two counts of burglary in case No. CR-2023-02976 to be served concurrently with one another. In case No. CR-2024-02261, the trial court ordered Whitney to serve an indefinite term of five to seven and one-half years in prison on the count of felonious assault, to be served consecutively to the three-year prison term for the gun specification. It ordered those terms to be served concurrently with a 24-month prison term on the count of having weapons while under disability. Finally, it ordered the

3.

sentences in both cases to be served consecutively for a total indefinite prison term of 10 to 12 1/2 years.

{¶ 8} In imposing consecutive sentences, the trial court found that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11 and 2929.14 and were not disproportionate to the seriousness of Whitney's conduct or the danger Whitney poses. In addition, it found that Whitney was awaiting trial or sentence when the offense was committed and he was on community control when the offenses were committed.[1]

{¶ 9} As to postrelease control, at the sentencing hearing the trial court informed Whitney that he was subject to postrelease control of not less than 18 months nor more than three years on the count of felonious assault. It further informed him that postrelease control applied to the counts of burglary as well, but the terms of postrelease control do not run consecutively to one another, so the postrelease control on the count of felonious assault "will rule." In its sentencing entries in both cases, however, the trial court stated,

> Defendant notified of post-release control as follows: Felony Sex Offense: 5 years mandatory; F-1: 2-5 years mandatory; F-2: 18 months-3 years mandatory; F-3 (offense of violence, R.C. 2901.01(A)(9)): 1-3 years mandatory; F-3 (other): up to 2 years discretionary; F-4: up to 2 years discretionary; F-5: up to 2 years discretionary.

## II. Assignments of Error

{¶ 10} Whitney timely appeals his judgments of conviction, asserting one assignment of error for review:

---

[1] The record reflects that at the time of the offenses in both cases Whitney was on community control from a third, unrelated case.

4.

The trial court did not support the imposition of consecutive sentences on the record.

{¶ 11} The State cross-appeals the judgments of conviction, raising as its assignment of error:

The trial court erred when, in its sentencing entry, the court recited all of the possible terms of post-release control instead of reciting the appropriate term of post-release control applicable to the defendant.

### III. Analysis

{¶ 12} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 13} In his assignment of error, Whitney argues the trial court erred when it ordered the sentences in case Nos. CR-2023-02976 and CR-2024-02261 to be served consecutively. He does not argue that the trial court failed to make the required findings. Instead, he summarily argues that the trial court's findings under R.C. 2929.14(C)(4) were not supported in the record. That section provides,

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison

5.

terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

. . .

R.C. 2929.14(C)(4)(a).

{¶ 14} R.C. 2953.08(G)(2)(a) provides that an appellate court may "increase, reduce, or otherwise modify" consecutive sentences only if it "clearly and convincingly finds" that the record does not support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings.  The Ohio Supreme Court has explained that "'clear and convincing evidence' is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases."  *State v. Glover*, 2024-Ohio-5195, ¶ 46, citing *State v. Gwynne*, 2023-Ohio-3851, ¶ 14.  It "produce[s] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 15} In *Glover*, the Ohio Supreme Court clarified the high burden appellants must satisfy in order to show that the imposition of consecutive sentences is not supported by the record, stating:

The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may

6.

affirm the sentence. Rather, the statute allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

*Glover* at ¶ 46. This court is mindful, then, of this high burden in reviewing Whitney's argument that the imposition of consecutive sentences is not supported by the record.

{¶ 16} Here, the record demonstrates that on two separate occasions Whitney broke into his ex-girlfriend's home and assaulted her. While he was released on bond from those offenses, he chased her down a third time and shot her new boyfriend. Considering these facts, this court cannot clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶ 17} Accordingly, Whitney's assignment of error is not well-taken.

{¶ 18} The State, on cross-appeal, assigns as error that the trial court properly imposed postrelease control at the sentencing hearing but improperly imposed it in the sentencing entries.[2] Whitney did not file a response to the cross-appeal.

{¶ 19} In *State v. Bates*, 2022-Ohio-475, ¶ 12, the Ohio Supreme Court explained,

[T]o validly impose postrelease control when the court provides all the required advisements at the sentencing hearing, the sentencing entry must include: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [adult parole authority] will administer the postrelease

---

[2] "An attack on a trial court's imposition of postrelease control in a sentence must be brought on direct appeal or it will be barred by res judicata. . . . This holding applies to the state as well as the defendant." *State v. Bates*, 2022-Ohio-475, ¶ 32.

7.

control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute."

*Id.*, quoting *State v. Grimes*, 2017-Ohio-2927, ¶ 1.

{¶ 20} In this case, the trial court—in an apparent scrivener's error in the drafting of the sentencing entry—included all potential terms of postrelease control instead of selecting the one(s) imposed at the sentencing hearing and applicable to Whitney. This is an obvious error that renders the trial court's imposition of postrelease control clearly and convincingly contrary to law.

{¶ 21} The State requests that we remand the matter to the trial court for it to enter nunc pro tunc entries. A nunc pro tunc judgment entry may be used to "correct clerical mistakes in judgments or orders arising from oversight or omissions." *State v. Thompson*, 2024-Ohio-991, ¶ 13 (6th Dist.), citing *State v. Voyles*, 2010-Ohio-90, ¶ 10 (6th Dist.). A "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. (Citations omitted.) *Id.* "A nunc pro tunc entry cannot be used to resentence a defendant or to impose a sanction that the court did not impose as part of the sentence at the sentencing hearing, but it can be used to correct a sentencing entry to reflect the sentence the trial court actually imposed on a defendant at a sentencing hearing." *State v. Green*, 2022-Ohio-3922, ¶ 8 (8th Dist.).

{¶ 22} Upon review, nunc pro tunc entries are appropriate here to correct the scrivener's error and to reflect what the trial court actually decided at the sentencing hearing. *See State v. Cox*, 2025-Ohio-307, ¶ 18 (6th Dist.).

8.

**{¶ 23}** Accordingly, the State's assignment of error on cross-appeal is well-taken.

### IV. Conclusion

**{¶ 24}** For the foregoing reasons, the trial court's judgments are affirmed, in part, and reversed, in part. The trial court's imposition of consecutive sentences is affirmed. Its imposition of postrelease control is reversed, and the matter is remanded to the trial court to enter nunc pro tunc entries reflecting the postrelease control that it imposed at the sentencing hearing. Whitney is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.