[Cite as *State v. Kynard*, 2026-Ohio-758.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. {48}L-25-00038 |
| Appellee/Cross Appellant | Trial Court No. CR0202201569 |
| v. | |
| William Kynard, IV | **DECISION AND JUDGMENT** |
| Appellant/Cross Appellee | Decided: March 6, 2026 |

* * * * *

Julia R. Bates, Esq., Prosecutor and
Lorrie J. Rendle, Assistant Prosecutor for appellee.

Patricia Horner, for appellant.

* * * * *

**OSOWIK, J.,**

*Procedural History*

{¶ 1} On August 15, 2022, appellant entered a plea of Guilty and was found Guilty by the court of the offense of Possession of Cocaine, in violation of R.C. 2925.11 (A) & (C) (4)(a), a Felony of the 5th degree. The plea form/judgment entry executed by Kynard

on August 15, 2022, clearly indicates that he was advised of post-release control conditions pursuant to R.C. 2967.28(B) and (C).

{¶ 2} On August 25, 2022 appellant was sentenced to serve a period of 3 years of community control with numerous conditions that were to be monitored by the Lucas County Adult Probation Department. The judgment entry of sentencing also indicates that appellant was notified that a violation of the terms of community control or violation of any law would lead to longer or more restrictive sanction, including a prison term of 12 months. Kynard did not appeal his original sentencing.

{¶ 3} On December 7, 2023, Kynard admitted to a community control violation. The court then continued Kynard on community control with additional admonitions concerning drug screens.

{¶ 4} On January 30, 2025 (journalized on February 3, 2025) the trial court ordered Kynard to serve a "term of 12 months to be served consecutively to sentence served CR24-1777."  The judgment entry also contains the following language:

> Defendant notified of post-release control as follows: Felony Sex Offense: 5 years mandatory; F-1: 2-5 years mandatory; F-2: 18 months-3 years mandatory; F-3 (offense of violence, R.C. 2901.01(A)(9)): 1-3 years mandatory; F-3 (other): up to 2 years discretionary; F4: up to 2 years discretionary; F-5: up to 2 years discretionary. Defendant further notified that if post-release control conditions are violated, the adult parole authority or parole board may impose a more restrictive or longer control sanction or return Defendant to prison for up to nine months for each violation, up to a maximum of 50% of the minimum stated term originally imposed. Defendant further notified that if the violation is a new felony conviction, Defendant may be both returned to prison for the greater

2.

of one year or the time remaining on post-release control, plus receive a prison term for the new felony (-ies).

{¶ 5} Kynard appeals from this February 3, 2025 judgment of the trial court and presents two assignments of error for our review.

### *Assignments of Error*

    I.      THE TRIAL COURT ERRED IN SENTENCING APPELLANT CONSECUTIVELY TO A SENTENCE IN THE FUTURE.

{¶ 6} In this assignment, Kynard asserts the trial court erred in imposing his 12 month prison sentence consecutively to CR24-1777. It is undisputed that Case CR24-1777 was a case before another court for which Kynard had not yet been sentenced.

{¶ 7} Appellee concedes this error by the trial court and rightfully so since a trial court may not order a sentence to be served consecutively to a sentence that is to be imposed in the future. *State v. Fizer*, 2016-Ohio-8384, ¶10 (6th Dist.), citing *State v. White,* 18 Ohio St.3d 340, 342-43 (1985). Therefore, we find appellant's first assignment of error well-taken.

    II.     THE TRIAL COURT ERRED IN ORDERING APPELLANT TO SERVE A MAXIMUM SENTENCE FOR A FIFTH DEGREE FELONY.

{¶ 8} In this assignment, Kynard argues that his 12-month sentence is not supported by the evidence as required by R.C. 2953.08(G)(2)(a) but rather appellant's statement in the sentencing report that "one extra year ain't nothing." Even though the trial court "summarily referenced" Kynard's prior criminal history of convictions, he

3.

asserts that his maximum 12-month sentence is contrary to the felony sentencing statutes in R.C. 2929.11 and 2929.12.

{¶ 9} In response, the State points out that we are precluded by *State v. Jones,* 2020-Ohio-6729, from reviewing the trial court's consideration of the sentencing factors enumerated in R.C. 2929.11 and 2929.12.

{¶ 10} Generally, we review sentencing challenges under R.C. 2953.08(G)(2). The statute allows us to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if we clearly and convincingly find either (1) the record does not support the trial court's findings under specified Revised Code sections not at issue here, or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b).

{¶ 11} However, since the Ohio Supreme Court decided *Jones*, the law governing appellate review of a trial court's consideration of R.C. 2929.11 and 2929.12 in imposing a sentence is clear: R.C. 2953.08(G)(2) does not permit an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.), quoting *Jones* at ¶ 42.

{¶ 12} Moreover, we may summarily dispose of an assignment of error that is based only on the trial court's consideration of the factors in R.C. 2929.11 and 2929.12. *See State v. Coon*, 2025-Ohio-1849 ¶ 23 (6th Dist.), citing *State v. Eames*, 2024-Ohio-183 ¶ 10 (6th Dist.). Accordingly, we find Kynard's second assignment of error not well-

4.

taken and it is denied.

### *Cross appeal*

{¶ 13} The State brings its own cross appeal of the February 3, 2025 judgment of the trial court. It asserts that at the at the January 30, 2025 community control violation sentencing hearing, the trial court held no discussion of post-release control ("PRC"), and the sentencing entry only listed the range of possible PRC terms associated with the various felony degree levels. As such, the State would submit that the trial court did not properly notify Kynard of the term and nature of PRC in this case. The State also claims that Kynard was never properly notified of any potential post-release conditions as required by R.C. 2929.19(B)(5) and 2929.15(B) and this case should be remanded for re-sentencing. Appellant has not responded.

### *Initial sentencing entry of August 29, 2022*

{¶ 14} Our examination of the record establishes that Kynard was initially sentenced to community control on August 25, 2022. In that judgment entry that was journalized on August 29, 2022, there is no notification to Kynard of any post-release control conditions.

{¶ 15} Further, the record before us does not include a transcript of that initial sentencing proceeding that would enable us to make a determination that the trial court orally informed Kynard of any potential post-release control conditions at sentencing. We will note that although the plea form/judgment entry establishes notifications of post-

5.

release control conditions, these advisements must occur at the sentencing hearing pursuant to R.C. 2929.19(B)(1).

{¶ 16} In this case, Kynard was found in violation of the conditions of his community control and the reserved sentence of 12 months imprisonment was imposed on January 30, 2025 (journalized on February 3, 2025).

### *The February 3, 2025 Community Control Violation Sentencing Judgment Entry*

{¶ 17} The State argues that the trial court completely failed to provide post-release control notifications to Kynard both in its discussion at the community control violation hearing and the by the terms of the sentencing judgment entry.

{¶ 18} The language in the sentencing judgment entry of February 3, 2025, concerning post-release notification is as follows:

> Defendant notified of post-release control as follows: Felony Sex Offense: 5 years mandatory; F-1: 2-5 years mandatory; F-2: 18 months-3 years mandatory; F-3 (offense of violence, R.C. 2901.01(A)(9)): 1-3 years mandatory; F-3 (other): up to 2 years discretionary; F- 4: up to 2 years discretionary; F-5: up to 2 years discretionary. Defendant further notified that if post-release control conditions are violated, the adult parole authority or parole board may impose a more restrictive or longer control sanction or return Defendant to prison for up to nine months for each violation, up to a maximum of 50% of the minimum stated term originally imposed. Defendant further notified that if the violation is a new felony conviction, Defendant may be both returned to prison for the greater of one year or the time remaining on post-release control, plus receive a prison term for the new felony (-ies).

{¶ 19} The State contends that the sentencing entry did not explicitly provide whether post-release control is discretionary or mandatory, nor does it identify the potential length of the post-release control term.

6.

{¶ 20} Recently, the State asserted this identical argument in another cross-appeal to this court that involved this same trial court and a judgment entry utilizing the identical post-release control notification language. In *State v. Whitney*, 2025-Ohio-4978, ¶ 20 (6th Dist.), we held:

> In this case, the trial court—in an apparent scrivener's error in the drafting of the sentencing entry—included all potential terms of postrelease control instead of selecting the one(s) imposed at the sentencing hearing and applicable to Whitney. This is an obvious error that renders the trial court's imposition of postrelease control clearly and convincingly contrary to law.

{¶ 21} In this case, the entry reflects that Kynard pled guilty to and was found guilty by the court to the offense of POSSESSION OF COCAINE a violation of R. C. 2925.11(A) and (C)(4)(a) a Felony of the 5th degree. In this instance, a felony of the fifth degree was one of multiple ranges listed in the sentencing entry and indicated as discretionary up to 2 years. Needless to say, the entry is inartfully crafted and it is not specific to Kynard's conviction. Like we found in *Whitney*, in this case we find the sentencing entry concerning post-release notifications to be contrary to law.

{¶ 22} Additionally, the community control violation hearing of January 30, 2025 shows no discussion or oral advisement by the trial court of the terms of post-release control conditions.

### *The Community Control Violation Sentencing Hearing*

{¶ 23} R.C. 2967.28(B) requires the trial court to orally advise the offender of notice of post-release control conditions at the sentencing hearing and in the sentencing judgment entry. *State v. Sprouse*, (6th Dist.), 2023-Ohio-2983, ¶ 24. *See State v. Grimes*,

7.

2017-Ohio-2927, ¶ 1. The transcript of the January 30, 2025 community control violation hearing is void of any notification to Kynard of post-release control.

{¶ 24} If a court improperly imposes post-release control, it may correct the sentence in accordance with the procedures set forth in R.C. 2929.191, which provides that a court must hold a hearing before issuing the correction. *Id.*, citing *State v. Schleiger*, 2014-Ohio-3970 ¶ 15.

{¶ 25} The imposition of an incorrect post-release control term renders that portion of appellant's sentence voidable, not void; thus, the State's cross-assignment of error is well-taken.

## *Conclusion*

{¶ 26} The trial court's judgment is reversed with respect to the imposition of consecutive sentences and is further vacated, in part, and the matter is remanded for resentencing consistent with this opinion regarding notification to Kynard of post-release control, including terms and consequences for violations. The State is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also,* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Thomas J. Osowik, P.J. | [[Applied Signature]] |
| | JUDGE |
| | |
| Christine E. Mayle, J. | [[Applied Signature 2]] |
| | JUDGE |
| | |
| Charles E. Sulek, J. | [[Applied Signature 3]] |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.